UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

RODERICK WASHINGTON,
CDCR #BV-9457,
Plaintiff,

vs.

S. DEACICU, M.D., et al.,
Defendants.

Case No.: 26-cv-05413-AJB-LR

**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**

**(Doc. No. 1)**

Plaintiff Roderick Washington, a state prisoner proceeding *pro se* and incarcerated at Centinela State Prison in Imperial, California, has filed a civil rights Complaint under 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff claims that in retaliation for complaining of staff misconduct, he was transferred to Centinela, had his access to the courts interfered with, and was falsely designated a sex offender. (*Id.* at 3–5.) He has not paid the civil filing fee required by 28 U.S.C. § 1914(a) and is not entitled to proceed *in forma pauperis* ("IFP"). Therefore, the Court **DISMISSES** his case.

## I. FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55,

although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). An action may proceed despite a failure to pay this filing fee only if the party is granted leave to proceed IFP. *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff did not pay the $405 filing fee required to commence a civil action pursuant to 28 U.S.C. § 1914(a) at the time he filed suit, nor has he filed an application seeking leave to proceed IFP, but merely provided the Court with a copy of him inmate trust account statement. (*See* Doc. No. 2.) Therefore, this civil action cannot proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051. And while the Court would ordinarily grant an unrepresented litigant leave to file an IFP application pursuant 28 U.S.C. § 1915(a), it finds doing so in this case would be futile. This is because, as explained below, Plaintiff's litigation history shows he is no longer entitled to that privilege, and his Complaint contains no plausible allegations of imminent danger of serious physical injury at the time of filing.

**A. Section 1915(g)'s Three-Strikes Rule**

"To help staunch a 'flood of non-meritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)). "That rule generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)); *see also Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[I]t does not matter whether [plaintiff] might have stated a claim. What matters is that he did not do so."). The "central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'"

*El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

"[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason." *Hoffman v. Pulido*, 928 F.3d 1147, 1152 (9th Cir. 2019) (citing *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)). "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019). Once a prisoner accumulates three strikes, § 1915(g) precludes his ability to proceed IFP in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)).

**B. Plaintiff's Prior "Strikes"**

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). This is one of those instances, as a review of district court dockets on PACER confirms Plaintiff is no longer eligible to proceed IFP because, while incarcerated, he has had more than three prior prisoner civil actions dismissed for a "qualifying reason" under § 1915(g). *Hoffman*, 928 F.3d at 1152. Pursuant to Federal Rule of Evidence 201(b)(2), the Court may take judicial notice of the docket records in Plaintiff's prior cases. *See Andrews*, 398 F.3d at 1120; *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

The Court takes judicial notice that Plaintiff has had at least six prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g.*, *Washington v. Garcia*, No. 95-cv-02221-K (S.D. Cal. Jan. 11, 1995) (Order granting request to proceed IFP and

dismissing complaint pursuant to 28 U.S.C. § 1915(d)) (strike one); *Washington v. Cambra*, No. C 95-3356 TEH, 1995 WL 590346 (N.D. Cal. Oct. 2, 1995) (Order denying request to proceed IFP and dismissing complaint pursuant to 28 U.S.C. § 1915(d)) (strike two); *Washington v. Cambra*, No. C 95-3641 TEH, 1995 WL 691882 (N.D. Cal. Nov. 7, 1995) (Order denying request to proceed IFP and dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(d)) (strike three); *Washington v. Cambra*, No. C 95-3763-TEH, (N.D. Cal. Nov. 20, 1995) (Order denying request to proceed IFP and dismissing complaint pursuant to 28 U.S.C. § 1915(d)) (strike four); *Washington v. Garcia*, No. 95-cv-02217-J-LSP (S.D. Cal. Feb. 24, 1998) (Order granting motion for judgment on the pleadings pursuant to FED.R.CIV.P. 12(c) & (h) for failing to state a claim) (strike five); and *Washington v. Gomez*, No. 97-6115-OWW (HGB) (E.D. Cal. Nov. 4, 1999) (Order adopting Report & Recommendation that complaint be dismissed for failing to state a claim) (strike six).[1]

---

[1] The Court further notes that Plaintiff has had nineteen additional civil actions dismissed either for failing to prepay filing fees or as barred by 28 U.S.C. § 1915(g). *See Washington v. Garcia*, No. 96-cv-1353-K-RCM (S.D. Cal. Oct. 3, 1996) ("Order Denying Request to Proceed IFP and Dismissing Civil Action without Prejudice" pursuant to 28 U.S.C. § 1915(g)); *Washington v. Garcia*, No. 96-cv-1438-BTM-RBB (S.D. Cal. Dec. 17, 1996) ("Order Denying Request to Proceed IFP and Dismissing Civil Action without Prejudice" pursuant to 28 U.S.C. § 1915(g)); *Washington v. Cambra*, No. C 96-2722-TEH (N.D. Cal. Aug. 12, 1996) (Order denying request to proceed IFP and dismissing case); *Washington v. Cambra*, No. C 96-2816-TEH (N.D. Cal. Aug. 13, 1996) (Order denying motion to proceed IFP and dismissing case); *Washington v. Gomez*, No. C 96-3106-TEH (N.D. Cal. Sept. 4, 1996) (Order denying request to proceed IFP and dismissing case); *Washington v. Gomez*, No. C 96-3252-TEH (N.D. Cal. Sept. 19, 1996) (Order denying request to proceed IFP and dismissing case); *Washington v. Westdal*, No. 96-cv-3456-H-LSP (S. D. Cal. Sept. 12, 1996) (Order denying request to proceed IFP and dismissing civil action without prejudice pursuant to 28 U.S.C. § 1915(g)); *Washington v. Gomez*, No. C 96-4064-TEH, 1996 WL 682026 (N.D. Cal. Nov. 15, 1996) (Order denying request to proceed IFP and dismissing action pursuant to 28 U.S.C. § 1915(g)); *Washington v. Gomez*, No. C 96-4188-TEH, 1996 WL 724895 (N.D. Cal. Dec. 4, 1996) (Order denying request to proceed IFP and dismissing action pursuant to 28 U.S.C. § 1915(g)); *Washington v. Witek*, No. 97-cv-7897 CBM (C.D. Cal. Apr. 8, 1998 & Apr. 30, 1998) (Orders denying requests to proceed IFP); *Washington v. Donovan*, No. 98-cv-1296-RL-CGA (S.D. Cal. July 27, 1998) (Order denying request to proceed IFP and dismissing civil action pursuant to 28 U.S.C. § 1915(g)); *Washington v. Westdal*, No. 98-cv-1304-RL-CGA (S.D. Cal. July 27, 1998) (Order denying request to proceed IFP and dismissing civil action pursuant to 28 U.S.C. § 1915(g)); *Washington v. Gomez*, No. C 98-1831-THE-PR, 1998 WL 296370 (N.D. Cal. June 1, 1998) (Order denying request to proceed IFP and dismissing action as barred by 28 U.S.C. § 1915(g)); *Washington v. Early*, No. 99-cv-6590-OWW-LJO (E.D.

Accordingly, Plaintiff has accumulated at least three "strikes" as defined by § 1915(g). Because Plaintiff accumulated these prior qualifying strike dismissals while incarcerated, and as discussed below, fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### C. Imminent Danger Exception

In order to meet § 1915(g)'s exception, Plaintiff's Complaint must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). "Imminent danger" requires an allegation that a harm is "ready to take place," or "hanging threateningly over one's head," *id.* at 1056, and "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21-cv-00347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021). Plaintiff's

---

Cal. Sept. 14, 2000) ("Order to Show Cause Why Plaintiff should not be Enjoined from Filing Further Lawsuits without First Paying $150 Filing Fee"); *Washington v. Inglewood Parole Region 3/4*, No. 99-cv-12212-TJH-AJW (C. D. Cal. Oct. 18, 2000) (Order adopting Report & Recommendation to deny IFP requests and dismiss action pursuant to 28 U.S.C. § 1915(g)) and (C. D. Cal. Oct. 20, 2000) (Order re "Notice of Three Strikes" and directing Plaintiff to attach copy of "Disclosure of Three Strikes Notice" to any complaint or application for leave to proceed IFP in any USDC or US Court of Appeals); *Washington v. Terhune*, No. 00-cv-5516-AWI-LJO (E.D. Cal. July 11, 2000) (Order adopting Report and Recommendation to deny Plaintiff's request to proceed IFP and dismiss case per 28 U.S.C. § 1915(g)); *Washington v. Gomez*, No. 01-cv-0145-JM-LSP (S.D. Cal. Apr. 4, 2001) (Order dismissing case for failure to prepay civil filing fees pursuant to 28 U.S.C. § 1914(a)); *Washington v. Garcia*, No. 06-cv-2673-BEN-JMA (S.D. Cal. Jan. 18, 2007) (Order dismissing case for failure to prepay civil filing fees pursuant to 28 U.S.C. § 1914(a)); and, most recently, *Washington v. USDC, S. Dist. of California*, No. 07-cv-0343-LAB-CAB (S.D. Cal. Apr. 17, 2007) (Order dismissing case for failure to prepay civil filing fees pursuant to 28 U.S.C. § 1914(a)).

Complaint does not contain any plausible allegations to suggest he was in "imminent danger" at the time he filed it. *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, he claims that on May 29, 2026, he was transferred to Centinela in retaliation for filing grievances complaining of staff misconduct; that on August 9, 2026, prison staff refused to make copies of exhibits needed to defend against a motion to dismiss for failure to exhaust in a civil action in violation of his right of access to the courts; and that on August 21, 2026, prison staff conspired to fabricate a sex offender designation to deprive him of privileges such as visitation and school programs. (Doc. No. 1 at 3–5.) Although Plaintiff alleges that "Defendant sought to fabricate his 290 registration to place his life in danger by fellow prisoners who frown on sex offenders," (*id*. at 5), the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *see also Heizlman v. Biden*, No. 25-cv-0153-SKO, 2025 WL 1029377, at *2 (N.D. Cal. Feb. 11, 2025) (speculative allegations of threats such as sex offender registration status are insufficient to satisfy imminent danger exception); *Valles v. Attorney General of United States*, No. 22-cv-1375-TWR-BGS, 2023 WL 3637028, at * 4 (S.D. Cal. May 24, 2023) ("allegations of past assaults based on the implementation of the sex offender registration requirement are insufficient to qualify for an 'imminent danger' exception under 1915(g).") (quoting *Kukes v. Terlizzi*, 97-cv-2685-MHP-PR, 1997 WL 573413, at *1 (N.D. Cal. 1997)) (finding the "mere documentation" of an inmate's sex offender registration requirement in his central file did not "automatically put him in danger"). Plaintiff's Complaint contains no "plausible allegations" to suggest he faced "'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

"The right to proceed *in forma pauperis* is not an unqualified one. . . . It is a privilege, rather than a right." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citations omitted). Section 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it

while enjoying IFP status." *Rodriguez*, 169 F.3d at 1180. Thus, because Plaintiff's litigation history shows he is one of those prisoners, and he does not plausibly allege to have been in "imminent danger of serious physical injury" at the time he filed his Complaint, he not entitled to proceed IFP in this action. *Cervantes,* 493 F.3d at 1055.

## II. CONCLUSION

For the reasons explained, the Court **DISMISSES** this civil action *sua sponte* without prejudice for failing to prepay the $405 civil and administrative filing fees required by 28 U.S.C. § 1914(a); **DENIES** Plaintiff leave to file a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g); **CERTIFIES** that any IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: October 21, 2026

Hon. Anthony J. Battaglia
United States District Judge